UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRYCE A. WISEMAN,

        Plaintiff,                         Case No. 2:18-cv-13
    v.                                    JUDGE SARAH D. MORRISON
                                            Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**OPINION AND ORDER**

Plaintiff Bryce Wiseman brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability Insurance Benefits. This matter is before the Court on the Plaintiff's Objection (ECF No. 18) to the Report and Recommendation issued by the United States Magistrate Judge on November 2, 2018 (ECF No. 17). The Magistrate Judge recommends that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

**I.**

The Magistrate Judge accurately described procedural background as follows. Plaintiff filed his application for Title II Social Security Disability Benefits on July 17, 2013, alleging that he had been disabled since September 1, 2006. (R. 256.) Plaintiff later amended his disability onset date to April 16, 2013. *Id.* at 307. On October 20, 2016, following initial administrative denials of Plaintiff's application, a hearing was held before

1

Administrative Law Judge Jeffrey Hartranft (the "ALJ"). *Id.* at 85–137.

**A. Hearing Testimony**

Plaintiff, represented by counsel, appeared and testified at the hearing. He testified that he had not worked since 2004, and that his previous work included working as a night manager, limo driver, security guard, material handler, filter builder, glue gun operator, and hand sander. *Id.* at 97–105. Plaintiff also described pain from "arthritis in every joint in my body" and difficulties due to heart disease. *Id.* at 106–07. Plaintiff has had five stents placed in his kidneys and two in his heart. *Id.* at 107. He testified that he has difficulty walking more than 20 feet and often has to sit down to rest due to abnormal heart rhythms. *Id.* at 107, 110. Plaintiff also stated he has difficulty walking due to insufficient blood flow to his feet. *Id.* at 112. Plaintiff was born without a rectum and has had life-long digestive problems as a result. *Id.* at 121. Finally, Plaintiff testified that he takes Xanax daily for anxiety and takes extra doses when he has panic attacks. *Id.* at 125.

Vocational Expert Carl Hartung (the "VE"), also testified. *Id.* at 130–35. The VE classified Plaintiff's past relevant work as security guard (categorized as semi-skilled, light work), stores laborer (medium work), filter assembler (light work), and hand sander (light work). *Id.* at 130–31. The ALJ proposed a hypothetical regarding Plaintiff's residual functional capacity ("RFC")[1] to the VE, which limited Plaintiff to light work. *Id.* at 132. The VE testified that, assuming the limitations of the ALJ's hypothetical, Plaintiff could return to his previous work only as a hand sander. *Id.* at 132. However, the ALJ's hypothetical required avoidance of exposure to pulmonary irritants, including dust. *Id.* at 131. The ALJ posited that the hand

---

[1] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

2

sander position would require exposure to dust, which Plaintiff confirmed. *Id.* at 132. The VE further testified that, assuming the limitations of the ALJ's hypothetical, Plaintiff would be able to work as a router, marker, or labeler. *Id.* at 133. When asked to alter the hypothetical so that Plaintiff would be limited to sedentary work, the VE testified that Plaintiff would not be able to return to any of his past work, but that he would be capable of working as an addresser, document preparer, or spotter. *Id*. at 134.

**B. Medical Opinions**

Two state agency reviewing physicians assessed Plaintiff's limitations based on file reviews dated March 6, 2014, and June 19, 2014, respectively. Dr. Gary Hinzman, M.D., and Dr. Lynne Torello, M.D., both found that Plaintiff could occasionally lift or carry 20 pounds; could frequently lift or carry 10 pounds; could stand, walk, or sit for six hours of an eight-hour work day; had no limitations on pushing or pulling; and could frequently climb, balance, stoop, kneel, crouch, and crawl. *Id*. at 149–50, 166–67.

Dr. Mark Weaver, M.D., an examiner for the Social Security Administration, opined following an examination on February 24, 2014, that Plaintiff was limited in sitting, standing, walking, bending, twisting, lifting, and carrying, but did not articulate the severity of these limitations. *Id*. at 430–34. Dr. Weaver also observed that Plaintiff became slightly short of breath after walking 40 feet. *Id.*

Dr. Jeffrey Haggenjos, D.O., Plaintiff's treating physician, issued a medical source statement dated February 24, 2016. *Id*. at 797–800. Dr. Haggenjos opined that Plaintiff could sit for no more than 10–15 minutes at a time; could stand for no more than five minutes at a time; stand or walk no more than two hours in an eight-hour work day; required the opportunity to alternate positions; would need unscheduled breaks lasting 15 minutes; would need to elevate his

3

legs for 10% of the day; would be off-task over 25% of the work day; and was likely to miss four or more days of work per month. *Id.* Dr. Haggenjos further concluded that Plaintiff is "unable to work." *Id*. at 316.

Finally, Dr. Shelly Dunmyer, M.D., an examiner for the Ohio Department of Jobs and Family Services ("ODJFS"), conducted a consultative examination on August 24, 2016. *Id*. at 975–80. Dr. Dunmyer concluded that Plaintiff requires moderate limitations in standing, walking, pushing, pulling, and bending; and that Plaintiff could occasionally lift no more than 10 pounds. *Id.*

**C. The ALJ's Decision**

On February 17, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. *Id*. at 11–23. When reaching that determination, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, [the ALJ] find[s] that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can frequently climb ramps, stairs, ladders, ropes, and scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; can frequently handle and finger with the right hand; and must avoid exposure to extreme heat, cold, and concentrated pulmonary irritants such as fumes, odors, dust, and gases. Mentally, the claimant can perform simple, routine, and repetitive tasks involving only simple work-related decisions and with few, if any, workplace changes; no strict production quotas or fast-paced work, such as on an assembly line; and can have occasional interaction with the general public, co-workers, and supervisors.

*Id.* at 16. In arriving at Plaintiff's RFC, the ALJ gave "significant weight" to the State agency medical examiners' opinions due to "their program familiarity, longitudinal view of the medical evidence of record, and their opinions['] consisten[cy] with the evidence." *Id.* at 20. He gave

"little weight" to Dr. Haggenjos's opinion because "it is not supported by his treatment notes or other evidence of record." *Id.* The ALJ explained his reasoning for that decision as follows:

> The opinion of Jeffrey Haggenjos, D.O., the claimant's treating physician, indicating that the claimant is "unable to work" is given little weight because he provided no explanation and a determination of who is "disabled" or "unable to work" is an area reserved to the Commissioner. (Exhibit 1F, pp. 1-2). Dr. Haggenjos' other opinion is given little weight because it is not supported by his treatment notes or the other evidence of record and his assessment of the claimant's psychological conditions is outside of his specialty. (Exhibit 14F). Although [Dr. Heggenjos] gave the claimant very severe physical limitations, indicating that the claimant can only stand for up to five minutes at one time and sit for 10 to 15 minutes at one time, he only provided the claimant with very conservative medical management of his impairments (Exhibit 14F, p. 2). While he noted that he claimant would need to elevate his legs 10 percent of the day, there is little to no evidence in the record of significant and ongoing lower extremity edema (Exhibit 14F, p. 3). Dr. Haggenjos noted that the claimant would have severe limitations in his bilateral upper extremities despite there only being evidence of mild arthritis in the claimant's right wrist only (Exhibit 14F, p. 3 and 17F, p. 26). Lastly, there is no basis for his opinion that the claimant would be absent from work more than four days per month, especially considering the fact that claimant has reported a significant decrease in his pain with medication, he has had little cardiac symptomatology outside of acute events, and he has reported only intermittent peripheral vascular disease issues, as discussed above (Exhibit 14F, p. 4).

*Id*.

Relying on the VE's testimony, the ALJ determined that Plaintiff could perform his past relevant work as a hand sander "as generally performed," although not "as actually performed" by Plaintiff in the past, which involved exposure to dust. *Id*. at 22. Alternatively, the ALJ determined that Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy. He therefore concluded that Plaintiff was not disabled under the Social Security Act during the relevant period. *Id.* at 23.

5

**D.     Post-Decision Actions**

Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. The Appeals Council refused to review, and Plaintiff brought the matter before this Court. His Statement of Specific Errors maintained the ALJ improperly evaluated Plaintiff's opinion evidence supporting a disability determination. (ECF No. 10.) The Commissioner opposed, contending that substantial evidence supported the ALJ's denial of benefits. (ECF No. 15.)

After a thorough analysis, the Magistrate Judge concluded that the ALJ placed proper weight on Dr. Haggenjos's opinion. The Magistrate Judge then recommended affirming the Commissioner's non-disability finding. On November 16, 2018, Plaintiff timely filed his Objection (ECF No. 18) to the Magistrate's Report and Recommendation, repeating his primary argument that the ALJ should have afforded Dr. Haggenjos's opinion controlling weight status because he was Plaintiff's treating physician. (ECF No. 18 at 2-3.) The Commissioner did not respond.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)); *see also,* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive").

**III.**

In his Statement of Specific Errors, Plaintiff asserts one assignment of error. Specifically, Plaintiff contends that the ALJ failed to properly evaluate the opinion evidence in the record. (ECF No. 10 at 6.) As noted, his present objection focuses on the ALJ's treatment of Dr. Haggenjos's medical opinion.

Plaintiff's argument is simple. He contends that the ALJ erred in failing to lend controlling weight to Dr. Haggenjos's opinion because ALJ's reasons given for so doing—specifically, that the opinion was based only on subjective evidence and was not consistent with the medical record—were inaccurate. *See* ECF No. 10 at 5–10. In essence, Plaintiff asserts the ALJ, and the Magistrate by extension, improperly failed to apply the treating physician rule. That rule requires an ALJ to "give controlling weight to a treating source's opinion on the issue(s) of the nature and severity of the claimant's impairment(s) if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)) (internal quotation marks omitted).

Plaintiff's attempt to invoke the rule to require reversal is unsuccessful. In her well-reasoned opinion, the Magistrate Judge properly notes the several reasons supporting the ALJ's conclusion that Dr. Haggenjos's opinion is inconsistent with the objective evidence of record and therefore should not have been afforded controlling weight. (ECF No. 18 at 9-10). After carefully reviewing the record *de novo*, this Court finds the Magistrate Judge's assessment of the evidence accurate and adopts it here:

7

> The ALJ articulated the weight he afforded the opinion and
> properly declined to afford it controlling weight on the grounds it
> was unsupported by objective evidence. Plaintiff's Statement of
> Errors and Reply do not contest the specific inconsistencies the
> ALJ identifies; rather, Plaintiff merely points out other aspects of
> the record that support his impairments. *E.g.*, cardiology records
> indicate problems with severe bilateral lower extremity
> claudication (although the same office note states Plaintiff "is right
> now feeling much better after intervention, no longer has the
> exertional cramps and claudication that he had previously") (R.
> 330); his history of heart attacks and multiple stent placement are
> consistent with fatigue and shortness of breath *Id*. at 432; and
> Plaintiff has received consistent treatment for back pain and
> degenerative disc disease. *Id*. at 766, 770, 774, 785. But the
> existence of evidence in Plaintiff's favor does not mean that the
> ALJ's decision to discount Dr. Haggenjos's opinion was not
> supported by substantial evidence. . . . The undersigned concludes
> that the ALJ did not violate the treating physician rule or otherwise
> err in his consideration and weighing of Dr. Haggenjos's opinion.

(ECF No. 17 at 10-11.)

Plaintiff's arguments in his Objection do nothing to cast doubt on this analysis. That is, the Plaintiff frames the issue as a re-evaluation of the weight of the evidence, focusing on the ALJ's reliance on other opinion evidence. *See* ECF No. 18 at 2-3. As the Magistrate Judge properly noted, "[t]his is the classic situation in which the record evidence could support two different conclusions. In such scenarios, the law obligates the court to affirm the ALJ's decision, because the ALJ is permitted to decide which factual picture is most probably true." *Waddell v. Comm'r of Soc. Sec.*, No. 1:17-CV-01078, 2018 WL 2422035, at *10 (N.D. Ohio May 10, 2018), report and recommendation adopted, 2018 WL 2416232 (May 29, 2018); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) ("The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.") (quoting *Baker v. Case*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

Accordingly, the Court concludes, as did the Magistrate Judge, that the ALJ properly held Dr. Haggenjos's opinion to be inconsistent with the other substantial evidence in the case record and therefore deserving of the "little weight" designation. The record citations and accompanying explanation the ALJ provided for placing less weight on Dr. Haggenjos's opinion are accurate. Therefore, the Court concludes that substantial evidence supports the ALJ's decision denying benefits, and the Court **OVERRULES** the Plaintiff's Objection.

**IV.**

Based upon the foregoing, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, and after a *de novo* determination of the record, this Court concludes that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge are without merit. The Court thus **OVERRULES** the Plaintiff's Objection (ECF No. 18), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17), and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Order and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**